# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

UNITED STATES OF AMERICA )
)
v. ) CASE NO. CR416-258
)
DAMIEN LAMONT GLOVER, )
)
Defendant. )
_____ )

## O R D E R

Before the Court is Defendant Damien Lamont Glover's Motion to Order Counsel to Provide Trial Record and Transcript (Doc. 91), and Motion to Order Stenographer and Clerk to Provide Petitioner with Criminal Trial Record Without Cost (Doc. 92). On September 14, 2016, Defendant pled guilty to one count of conspiracy to possess with intent to distribute and distribute quantities of cocaine, MDMA, and marijuana. (Doc. 56.) He was sentenced to 151 months of incarceration with an additional 3-year term of supervised release. (Doc. 82.) He failed to appeal either his conviction or his sentence. For the following reasons, both of Defendant's motions are **DENIED**.

In his first motion, Defendant requests that this Court "intervene and ask Mr. Jeffrey Arnold, Esquire, to give [Defendant] his entire Criminal File." (Doc. 91 at 2.) Defendant alleges that he has made multiple efforts to

contact his former court-appointed attorney to retrieve his criminal file, but has been unsuccessful. (Id.) However, Defendant Glover has cited no basis for this Court to intervene on his behalf. In addition, he has failed to show that the requested records in this case exist and are in his attorney's possession. Accordingly, Defendant's motion must be **DENIED**.

This Court is unaware of any documents in Mr. Arnold's possession. However, to the extent that Mr. Arnold is in possession of any of the requested records, he is reminded that the standard of professional conduct in the Southern District of Georgia is "governed by the Georgia Bar Rules of Professional Conduct and the American Bar Association's Model Rules of Professional Conduct." S.D. Ga. L.R. 83.5(d). Counsel is reminded of his ethical obligation to "surrender[] papers and property to which the client is entitled." See Model Rules of Prof'l Conduct R. 1.16 (Am. Bar Ass'n 1983).

In his second motion, Defendant requests an order from this Court directing the Clerk of Court and Court Reporter to provide Defendant with his criminal trial record and transcript free of charge. (Doc. 92.) Specifically, Defendant requests copies of his arrest report, arraignment transcript, indictment, pre-trial motions, plea agreement,

sentencing memorandum, and sentencing transcript. (Id.) He requests these documents in order to prepare a petition under 28 U.S.C. § 2255. (Id.) This request must also be **DENIED**.

A federal prisoner is not entitled to obtain copies of court records at Government expense for the purpose of searching the record for possible error. See Walker v. United States, 424 F.2d 278, 278 (5th Cir. 1970).[1] "[O]nly where a petitioner for the writ of habeas corpus has been granted leave to proceed in forma pauperis and his application is pending before the court is that petitioner entitled to be furnished copies of court records without cost." Id. (citing Harless v. United States, 329 F.2d 397, 397 (5th Cir. 1964)); see also Skinner v. United States, 434 F.2d 1036, 1037 (5th Cir. 1970) ("Where a federal prisoner has not attempted to file a petition collaterally attacking his conviction, he is not entitled to obtain copies of court records at the government's expense.").

Critically, the record fails to indicate that Defendant has filed any 28 U.S.C. § 2255 petition. Because Defendant has yet to file an application for a writ of

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

3

habeas corpus, he is currently not entitled to obtain copies of court records at the Government's expense. Accordingly, Defendant's motion is **DENIED**.

SO ORDERED this 22nd day of November 2017.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA