# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| DAMIEN LAMONT GLOVER, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CV418-020 |
| | ) | CR416-258 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Guilty plea-convicted for conspiracy to possess with intent to distribute controlled substances, Damien Lamont Glover was sentenced to 151 months' imprisonment. Docs. 84 (plea agreement) & 85 (judgment).[1] His plea agreement provided that he faced a sentence of up 20 years (the statutory maximum), and he swore that "no one has promised [him] that the Court will impose any particular sentence or sentence within any particular range." Doc. 84 at 5-6. He further affirmed his understanding that the Court would consider "all of [his] relevant conduct" under the advisory Sentencing Guidelines, "not just

---

[1] The Court is citing to the criminal docket in CR416-258 unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

the facts underlying the particular Count to which [he] is pleading guilty." *Id.* at 6. Finally, Glover swore that he "had the benefit of legal counsel" who he "believe[d] . . . has represented him faithfully, skillfully, and diligently" and that "he is completely satisfied with the legal advice given and the work performed by his attorney." *Id.* at 8. After sentencing, movant elected *not* to appeal his conviction. Doc. 84 (Notice of Post-Conviction Consultation).[2]

Glover now contradicts these sworn affirmations, seeking to vacate his sentence pursuant to 28 U.S.C. § 2255. Doc. 96. He alleges counsel was ineffective for "misleading" him into pleading guilty, having promised him a sentence capped at "five years," and for failing to appeal his conviction despite being told to do so.[3] Doc. 96 at 13-17. The Court

---

[2] The Notice is a document this Court developed to memorialize counsel's consultation with his client and reflect the client's appeal decision at the time of sentencing. *Green v. United States*, 2017 WL 843168 at *1 (S.D. Ga. Mar. 3, 2017); *see also Guyton v. United States*, 2013 WL 1808761 at * 2 (S.D. Ga. Apr. 29, 2013) (the "Notice of Counsel's Post-Conviction Obligations" requires that both counsel and client execute and file the form, thus preserving a record of defendant's instructions regarding an appeal).

[3] Glover lists several grounds that could have been raised on appeal. He disputes the Government's improper characterization of his "consolidated Georgia state charges for possession with inten[t] to deliver control[led] substance and possession with intent to distribute control[led] substance" as multiple convictions, when they were actually "consolidated and tried together in a single indictment" with "a single sentence" imposed. Doc. 96 at 14. He also objects to the Government's "sham" plea agreement, which "reneged" on (1) its "implicit promise to consider specified

2

recommended that his motion be denied under preliminary § 2255 Rule 4 review (doc. 99), but Glover has asked for additional time, contending that he has not yet fully fleshed out his allegations of Government misconduct and defective counsel. Dosc. 96 & 100.

So the Court will **VACATE** its Report and Recommendation recommending dismissal and denial of a Certificate of Appealability and will permit Glover to amend his motion within 90 days of service of this Order. He is reminded that the majority of his arguments are blatantly contradicted by the record and that lying under oath, either live or "on paper," is a criminally prosecutable offense. *See, e.g., United States v. Dickerson*, CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction); *id.*, doc. 47 (guilty verdict), *cited in Irick v. United States*, 2009 WL 2992562 at * 2 (S.D. Ga. Sept. 17, 2009); *see also Colony Ins. Co. v. 9400 Abercorn, LLC*, 866 F. Supp. 2d 1376, 1378 n. 2 (S.D. Ga. 2012). The Clerk is **DIRECTED** to serve Glover with a blank copy of this Court's 28 U.S.C. § 2255 motion to vacate, amend, or

---

mitigating factors" to "award" a "three level [reduction] for acceptance of responsibility, and reduction of sentence for full cooperation," and (2) its promise to "not enhance [his sentence] based on his prior state conviction." *Id*. at 14-16.

correct a sentence form.

**SO ORDERED,** this  28th  day of February, 2018.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA