IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

DAMIEN LAMONT GLOVER,            )
                                 )
        Petitioner,              )
                                 )
v.                               )   CASE NO. CV418-020
                                 )            CR416-258
UNITED STATES OF AMERICA         )
                                 )
        Respondent,               )
_____)

O R D E R

Before the Court is Petitioner Damien Glover's Motion to Reopen Judgment Pursuant to Rule 60(b). (Doc. 28.) In response, Respondent filed a Motion to Dismiss Petitioner's Fed. R. Civ. P. 60(b) Motion. (Doc. 27.)[1] For the following reasons, Petitioner's motion (Doc. 28) is **DENIED,** and Respondent's motion to dismiss is **GRANTED** (Doc. 27).

BACKGROUND

In September 2016, Petitioner pleaded guilty to conspiracy to possess with intent to distribute controlled substances in violation of 21 U.S.C. §§ 846, 841(b)(1)(C). (CR416-258, Doc. 56.) Petitioner was sentenced to 151 months' imprisonment (CR416-258, Doc. 85 at 2.)

---

[1] Unless otherwise stated, all citations are to Petitioner's civil docket on this Court's electronic filing system, CV418-020.

In January 2018, Petitioner filed his original Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (Doc. 1.) The Magistrate Judge recommended Petitioner's motion be denied (Doc. 5 at 4), but after Petitioner's objection (Doc. 6), the Magistrate Judge afforded Petitioner time to file an amended § 2255 motion (Doc. 14 at 6). On August 31, 2018, Petitioner filed his amended § 2255 motion, in which he argued his counsel was ineffective for failing to negotiate a better plea agreement without an enhancement, failing to file a direct appeal, failing to argue that the government induced him to enter a plea agreement with promise of a five-year sentence, failing to object to the government's supposed breach of the plea agreement, failing to object to the court and prosecutor using uncharged conduct to enhance Petitioner's guidelines range, failing to object to the court not specifying which convictions qualified him as a career offender, failing to object to the guidelines leadership enhancement, failing to object to his prior obstruction conviction qualifying for criminal history points, and claiming his 2004 and 2005 convictions should have counted as only one conviction. (Doc. 17 at 3-13.) Respondent moved to dismiss Petitioner's motion. (Doc. 19.) The Magistrate Judge issued a report and recommendation recommending that Petitioner's motion be denied. (Doc. 22 at 14.) The Court adopted the Magistrate Judge's report and recommendation after Petitioner filed no objections to it. (Doc. 25.)

According to the Federal Bureau of Prisons' ("BOP") website, Defendant is currently incarcerated at Federal Correctional Institution Edgefield located in Edgefield, South Carolina, with a projected release date of February 24, 2027. See BOP Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Aug. 11, 2023).

## ANALYSIS

Petitioner asks the Court to reopen the judgment denying him habeas relief pursuant to Federal Rule of Civil Procedure 60(b). (Doc. 28 at 1.) Citing United States v. Dupree, 57 F.4th 1269, (11th Cir. 2023), Petitioner argues that his counsel was ineffective for failing to argue he "was not a career criminal under 4B1.1(a) because 'the inchoate offense of conspiracy does not, constitute a "controlled substance offense" under the definition of U.S.S.G. Section 4B1.1(b).' " (Doc. 28 at 4.) In response, Respondent argues that the "Court lacks jurisdiction over [Petitioner's] motion" because it "is actually an impermissibly successive § 2255 motion." (Doc. 27 at 3.) Alternatively, Respondent asks the Court to deny Petitioner's motion as untimely. (Id. at 5.)

Petitioner's Rule 60(b) motion fails because it constitutes a successive habeas petition over which this Court does not have jurisdiction. "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited

3

set of circumstances including fraud, mistake, and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528, 125 S. Ct. 2641, 2645-46, 162 L. Ed. 2d 480 (2005). Rule 60(b)(6) permits reopening when a petitioner shows "any . . . reason that justifies relief" other than the more specific circumstances set out in Rules 60(b)(1)-(5). Fed. R. Civ. P. 60(b)(6). However, when the underlying judgment is an unsuccessful § 2255 petition, additional considerations apply. "[O]nce a federal prisoner has filed a § 2255 motion that has been adjudicated on the merits, he may not file a second or successive motion without first obtaining authorization from the appropriate United States Court of Appeals." Stewart v. United States, No. CV 1:08-CR-164-LMM, 2017 WL 10185851, at *1 (N.D. Ga. July 19, 2017) (citing 28 U.S.C. § 2244(b)(3)(A), § 2255(h)).

In Gonzalez, the Supreme Court addressed when a Rule 60(b)(6) motion may be considered an unauthorized second or successive habeas petition. 545 U.S. at 532, 125 S. Ct. at 2648. A "Rule 60(b) motion is to be treated as a successive habeas petition if it: (1) 'seeks to add a new ground of relief;' or (2) 'attacks the federal court's previous resolution of a claim on the merits.' " Williams v. Chatman, 510 F.3d 1290, 1293-94 (11th Cir. 2007). "[A] 'claim' . . . is an asserted federal basis for relief from a state court's judgment of conviction." Gonzalez, 545 U.S. at 530, 125 S. Ct. at 2647. The term "on the merits" refers "to a determination that

4

there exist or do not exist grounds entitling a petitioner to habeas corpus relief . . . ." Id. at 532 n.4, 125 S. Ct. at 2648 n.4. In contrast, a true Rule 60(b) motion attacks "some defect in the integrity of the federal habeas proceedings," not "the substance of the federal court's resolution of a claim on the merits[.]" Williams, 510 F.3d at 1294. A valid Rule 60(b) motion will "assert[] that a previous ruling which precluded a merits determination was in error-for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." Gonzalez, 545 U.S. at 532 n.4, 125 S. Ct. at 2648 n.4.

Here, Petitioner does not attack "some defect in the integrity" of his prior federal habeas proceedings. Rather, he argues an additional basis for relief pursuant to Dupree. Accordingly, Petitioner's Rule 60(b) motion is more properly construed as a successive § 2255 petition. Because Petitioner has not received authorization to file a second or successive habeas petition from the Eleventh Circuit, this Court lacks jurisdiction to consider his motion. Accordingly, Petitioner's motion (Doc. 28) is **DENIED**, and Respondent's motion is (Doc. 27) **GRANTED**.

SO ORDERED this 14th day of August 2023.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

5