**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

UNITED STATES OF AMERICA,

v.

DAMIEN LAMONT GLOVER,

Defendant.

CASE NO.: 4:16-cr-258

**O R D E R**

The Court **DENIES** Defendant's Motion to Restructure Sentence, (doc. 125.)

Defendant primarily challenges the Bureau of Prison's calculation of his sentence. However, he would have to first exhaust his administrative remedies within the BOP which he has apparently not accomplished. United States v. Williams, 425 F.3d 987, 990 (11th Cir. 2005). Further, Defendant would have to bring his sentence calculation claim via 28 U.S.C. § 2241 in the district of his current confinement. Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004). Because he is not currently confined in this district, the Court cannot grant him any relief under Section 2241. Thus, to the extent that Defendant intended to bring his claim pursuant to 28 U.S.C. § 2241, the Court **DENIES** that claim **WITHOUT PREJUDICE**.

To the extent Defendant asks that this Court resentence him years after his sentencing hearing, the Court has no jurisdiction to entertain that request. "A district court has no inherent authority to modify a defendant's sentence and may do so only when authorized by a statute or rule." United States v. Giron, 15 F.4th 1343, 1345 (11th Cir. 2021) (quotation and citation omitted). Defendant has not explained on what basis the Court would have jurisdiction to modify his sentence. Even if the Court had jurisdiction to revisit Defendant's sentence, he has not

explained how the authorities he cites would warrant a change in his sentence. Accordingly, the Court **DENIES** his request to revisit his sentence.

**SO ORDERED**, this 23rd day of September, 2026.

R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA